UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICHARD MARTA,

                Plaintiff,

        v.

HIL & COMPANY LLC,

                Defendant.

Civil Action No. 19-cv-1533-DLI-ST

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff Richard Marta ("Mr. Marta" or "Plaintiff"), by and through his attorneys, Law Offices of Michael D. Steger, PC, for his First Amended Complaint against Defendant Hil & Company LLC ("Hil & Co." or "Defendant"), alleges as follows:

**PRELIMINARY STATEMENT**

      1.     Mr. Marta, a software developer and programmer, brings this action against Defendant Hil & Co., a software development and data processing firm that formerly employed Mr. Marta.

      2.     Mr. Marta seeks to put an immediate stop to, and to obtain redress for, Defendant's blatant and purposeful infringement of Mr. Marta's rights in and to a certain copyrighted software work authored, designed, created, and owned entirely by Mr. Marta.

**JURISDICTION AND VENUE**

      3.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

      4.     The Court has subject matter jurisdiction over this copyright action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

      5.     The Court has personal jurisdiction over Defendant Hil & Co. because, among other things, Hil & Co. is a domestic limited liability company based in Suffolk County, New York,

does business in this judicial district and elsewhere, committed the acts of infringement complained of herein in this judicial district and elsewhere, and caused injury to Plaintiff and Plaintiff's intellectual property in this judicial district and elsewhere.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or §1400(a).

## THE PARTIES

7. Plaintiff Richard Marta is an individual residing in Queens County, New York. Mr. Marta is a software developer and programmer who was employed by Defendant Hil & Co. from on or around May 1, 2008 through September 24, 2018.

8. Defendant Hil & Co. is a New York limited liability company based in Suffolk County, New York. Hil & Co. is a software development and data processing company.

## STATEMENT OF FACTS

**Mr. Marta's "Best Match" Software**

9. Mr. Marta's copyright infringement claim is premised upon his exclusive rights in and to a piece of software titled "Best Match," and any derivative works based thereon.

10. Mr. Marta's creation of the Best Match software, and Hil & Co.'s infringement of Mr. Marta's rights in and to that software, is described in detail below.

<u>Mr. Marta's Creation of the "Best Match" Software Before He is Hired by Hil & Co.</u>

11. In mid to late 2007, Mr. Marta was approached by Mr. Garet Hil, the individual who would later go on to found Defendant Hil & Co., regarding a number of software projects Mr. Hil was then interested in pursuing.

12. One of these projects involved matching individuals in need of a kidney transplant with willing and compatible kidney donors using a so-called "NEAD chain."

13. The acronym "NEAD" stands for "<u>N</u>ever <u>E</u>nding <u>A</u>ltruistic <u>D</u>onor."

14. A NEAD chain is a mechanism for linking kidney donors with patients in need where an altruistic donor is willing to give one kidney to any end-stage renal disease patient. The goal of a NEAD chain is to create a "cascade" effect by identifying and linking this original donor with a recipient who is paired with her own donor, thus freeing that donor to then be paired with a new person in need, thus allowing that second person's donor to be paired with a new person in need, and so on.

15. While basic software designed to create limited NEAD chains existed prior to 2007, that early software could not handle large pools of donors or patients and was limited in how long a "chain" it could create.

16. After discussing the issue with Mr. Hil, Mr. Marta became very interested in the project. Mr. Marta felt both personally challenged by the idea of coming up with a better and more effective solution to such a complex problem and inspired by the possibility of helping people in need.

17. Though he was then consulting for another company, Mr. Marta agreed to work on designing software that would create longer and more effective NEAD chains during his free time.

18. By September of 2007 Mr. Marta had created a software program, titled "Best Match," which utilized medical information for various donors and recipients to create deeper NEAD chains from larger pools of recipients and donors than what was previously possible.

19. Mr. Marta later registered his copyright in the Best Match software with the United States Copyright Office under Registration No. TXU002114722 on November 27, 2018.

20. Mr. Marta received no compensation from Mr. Hil or Hil & Co. in 2007 (indeed, Hil & Co. was not founded until early 2008), was not employed by Mr. Hil or Hil & Co. formally or informally during the time he created the Best Match software, and had no formal or informal agreement of any kind with Mr. Hil or Hil & Co. during the time he created the software.

21. The first NEAD chain Mr. Marta's Best Match software created using real donors and recipients was completed in early 2008.

22. On February 14, 2008, doctors at Cornell Medical Center performed three simultaneous kidney transplants between compatible donors and recipients matched by Mr. Marta's Best Match software.

23. On or around February 18, 2008, Mr. Hil gave Mr. Marta a check for $25,000.00 to compensate Mr. Marta for the work he had done on a completely unrelated software project for Mr. Hil, and in an effort to convince Mr. Marta to focus exclusively on work for Mr. Hil. There is no written agreement or contract memorializing this payment.

24. In accepting this payment for services rendered on an unrelated project, Mr. Marta did not agree to and did not sell or even license the Best Match software or anything else to Mr. Hil or Hil & Co.

25. Mr. Hil formed Defendant Hil & Co. in early 2008, and Hil & Co. employed Mr. Marta as a software developer and programmer beginning on or around May 1, 2008.

Hil & Co. Earns Millions of Dollars Using Mr. Marta's Software

26. Upon information and belief, Hil & Co. has used Mr. Marta's Best Match software and/or derivative works based thereon continuously from 2008 through to the present day.

27. Upon information and belief, Hil & Co. earns significant amounts of money in excess of seven figures per year as a result of Mr. Marta's Best Match software and/or derivative works based thereon.

Hil & Co.'s "Letter of Engagement"

28. In 2011, several years into Mr. Marta's employment with Hil & Co., Hil & Co. asked Mr. Marta to execute a document titled "Letter of Engagement."

29. A true and correct copy of the Letter of Engagement, dated April 12, 2011, is annexed hereto as **Exhibit A**.

30. The Letter of Engagement states that its purpose is to "confirm our understanding of your work with Hil & Company."

31. It provides, in relevant part, that "any copyright, trademark, or intellectual property rights resulting from any of your work product, previously or yet to be created, shall be considered a work-for-hire, within the meaning of the United States Copyright Act, and the exclusive rights to use, modify, reproduce, distribute, license, or otherwise exploit, in any way, vests solely with us."

32. While this language may or may not render any work product created <u>during</u> Mr. Marta's employment with Hil & Co. the property of Hil & Co. as a work for hire, it does not address or impact Mr. Marta's ownership of any work product he created <u>prior</u> to his hire date. Among other things, it does not include any assignment language.

33. The parties recently confirmed and reaffirmed this understanding of the Letter of Engagement's copyright and intellectual property provision by Stipulation of Voluntary Dismissal With Prejudice (the "Stipulation") filed in a related proceeding brought by Hil & Co. in New York State Supreme Court. This proceeding, titled <u>Hil & Company LLC v. Richard Marta</u>, Index No.

716073/2018 (the "Queens County Proceeding"), was resolved pursuant to the terms of the Stipulation.

34. By the Stipulation, the parties agreed that "[a]ny copyright, trademark, or intellectual property rights created by Mr. Marta during the Employment Term [defined as May 1, 2008 through September 24, 2018] which are related to his work for Hil are and remain the exclusive property of Hil."

35. A true and correct copy of the Stipulation is annexed hereto as **Exhibit B**.

<u>Hil & Co.'s Continued Use of the Best Match Software or its Derivatives Violates Mr. Marta's Copyright</u>

36. To the extent Hil & Co. had any right to utilize Mr. Marta's Best Match software or any derivative works based thereon, such right, if it existed at all, terminated on September 24, 2018, the date Hil & Co. terminated Mr. Marta's employment.

37. Despite having no right to continue using the Best Match software following its termination of Mr. Marta, upon information and belief Hil & Co. has continued to generate revenue using Best Match or derivative works based thereon through to the present day, without Mr. Marta's approval or consent.

38. In doing so, Hil & Co. has infringed and continues to infringe upon Mr. Marta's copyright.

## COUNT 1

**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. §§ 106 and 501)**

39. Plaintiff Mr. Marta incorporates by reference herein each and every paragraph set forth above as if fully set forth herein.

40. Software is a "literary work" within which copyright protection subsists. See, e.g., 17 U.S.C. § 102(a)(1).

41. Mr. Marta has a protected copyright interest in the Best Match software, and thereby owns the exclusive right to reproduce and/or distribute such software, along with any derivative works based thereon. See, e.g., 17 U.S.C. § 106(1)-(3).

42. Through the conduct described herein – including but not limited to Hil & Co.'s continued use of the Best Match software to generate revenue following its termination of Mr. Marta's employment and the contemporaneous expiration of Hil & Co.'s non-exclusive license – Hil & Co. has infringed and continues to infringe Mr. Marta's copyright in the Best Match software in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

43. Hil & Co.'s acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Mr. Marta's rights.

44. Mr. Marta has been harmed as a direct and proximate result of Hil & Co.'s infringements, and Mr. Marta is accordingly entitled to damages in an amount to be proven at trial.

45. Mr. Marta is also entitled to Hil & Co.'s profits attributable to its infringements pursuant to 17 U.S.C. § 504(b), including an accounting of, and a constructive trust with respect to, such profits.

46. Mr. Marta is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

47. As a direct and proximate result of the foregoing acts and conduct, Mr. Marta has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Mr. Marta is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Hil & Co. will continue to infringe Mr. Marta's

rights in the Best Match software. Mr. Marta is accordingly entitled to preliminary and permanent injunctive relief to restrain and enjoin Hil & Co.'s continuing infringing conduct.

## COUNT 2

## DECLARATORY JUDGMENT

48. Plaintiff Mr. Marta incorporates by reference herein each and every paragraph set forth above as if fully set forth herein.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial pursuant to the 7th Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Marta prays for judgment against Defendant Hil & Co. as follows:

1. For damages in an amount in excess of $150,000 or such amount as may be found, or as otherwise permitted by law;

2. For an accounting of, and the imposition of a constructive trust with respect to, Defendant's profits attributable to its infringement of Plaintiff's copyright in the Best Match software;

3. For a preliminary and permanent injunction prohibiting Defendant, its agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiff's copyright in the Best Match software through the marketing, sale or other monetization, display, development, or distribution of the Best Match software, any derivative works based thereon, and/or any NEAD chains created using such software;

4. For prejudgment and postjudgment interest according to law;

5. For Plaintiff's attorneys' fees, costs, and disbursements in this action; and

6. For such other and further relief as the Court may deem just and proper.

Dated: June 17, 2019

>Respectfully submitted,
>
>By: ___/s/___Michael D. Steger_____
>
>Law Offices of Michael D. Steger, PC
>30 Ramland Road, Suite 201
>Orangeburg, NY 10962
>(845) 359-4600
>msteger@steger-law.com
>*Attorneys for Plaintiff Richard Marta*