UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RICHARD MARTA,

                Plaintiff,

v.

HIL & COMPANY LLC,

                Defendant.

Civil Action No. 19-cv-1533-DLI-ST

**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM**

---

Defendant Hil & Company LLC ("Hil & Co." or "Defendant"), by and through its attorneys, Wan Law Group, PLLC for its answer to Plaintiff Richard Marta's ("Marta" or "Plaintiff") Complaint, hereby states as follows:

1. The allegations of paragraph 1 state a conclusion of law and therefore no response is required.

2. The allegations of paragraph 2 state a conclusion of law and therefore no response is required.

## JURISDICTION AND VENUE

3. The allegations of paragraph 3 state a conclusion of law and therefore no response is required.

4. The allegations of paragraph 3 state a conclusion of law and therefore no response is required.

5. Defendant admits that it is a domestic limited liability company based in Suffolk County, New York, and that it does business in this jurisdictional

district and elsewhere. Defendant specifically denies any allegation that it committed acts of infringement or caused injury to Plaintiff.

6. The allegations of paragraph 3 state a conclusion of law and therefore no response is required.

## THE PARTIES

7. Upon information and belief, Defendant admits the allegation of paragraph 7.

8. Upon information and belief, Defendant admits the allegation of paragraph 8.

## STATEMENT OF FACTS

9. The allegations of paragraph 9 state a conclusion of law and therefore no response is required.

10. Defendant lacks knowledge or information sufficient to admit or deny the allegations concerning Marta's creation of the "Best Match" software and on that basis, denies same and demands strict proof thereof. Defendant denies all remaining allegations in paragraph 10.

11. Upon information and belief, Defendant admits the allegation of paragraph 11.

12. Upon information and belief, Defendant admits the allegation of paragraph 12

13. Upon information and belief, Defendant admits the allegation of paragraph 13

14. Upon information and belief, Defendant admits the allegation of paragraph 14

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 15, and on that basis denies same and demands strict proof thereof.

16. Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 16, and on that basis denies same and demands strict proof thereof.

17. Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 17, and on that basis denies same and demands strict proof thereof.

18. Upon information and belief, Defendant admits the allegation of paragraph 18.

19. Upon information and belief, Defendant admits the allegation of paragraph 19

20. Upon information and belief, Defendant admits the allegations of paragraph 20, however Defendant states that these statements are irrelevant to the rights of the parties.

21. Admit

22. Admit

23. Defendant admits that on or about February 18, 2008, Mr. Hil gave Mr. Marta a check for $25,000.00, but denies all other allegations contained in paragraph 23 and demands strict proof of same.

24. Defendant denies the allegations of paragraph 24, as Mr. Marta precisely and thoroughly sold the Best Match software to Hil & Company, as memorialized by an agreement executed by Mr. Marta and Mr. Hil on February 18, 2008, a copy of which is annexed hereto as Exhibit A.

25. Upon information and belief, Defendant admits the allegations of paragraph 25.

26. Upon information and belief, Defendant admits the allegations of paragraph 26.

27. Upon information and belief, Defendant denies the allegations of paragraph 27.

28. Upon information and belief, Defendant admits the allegations of paragraph 28.

29. Defendant admits that Exhibit A to the Complaint appears to be a true and correct copy of the Letter of Engagement dated April 12, 2011.

30. Defendant admits that the Letter of Engagement contains the language quoted in paragraph 30.

31. Defendant admits that the Letter of Engagement contains the language quoted in paragraph 31.

32. The allegations of paragraph 32 state a conclusion of law and therefore no response is required

33. The allegations of paragraph 33 state a conclusion of law and therefore no response is required

34. Defendant admits the Stipulation contains the language quoted in paragraph 34.

35. Defendant admits that Exhibit B to the Complaint appears to be a copy of the Stipulation.

36. Upon information and belief, Defendant denies the allegations of paragraph 36, as Mr. Marta owns no rights to the Best Match Software, due to the sale of same on February 18, 2008 and the fact that any derivative works were made as a work for hire.

37. Defendant admits that it has continued to generate revenue using the Best Match, but denies the allegation that it has "no right to continue using the Best Match software". The remaining allegations of paragraph 37 state a conclusion of law and therefore no response is required

38. The allegations of paragraph 38 state a conclusion of law and therefore no response is required.

## COUNT 1

39. Defendant repeats its answers to Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Paragraph 40 contains a legal conclusion for which no answer is required and on such basis Defendant denies all allegations and inferences contained in Paragraph 40 and demands strict proof thereof

41. Paragraph 41 contains a legal conclusion for which no answer is required and on such basis Defendant denies all allegations and inferences contained in Paragraph 41 and demands strict proof thereof

42. Paragraph 42 contains a legal conclusion for which no answer is required and on such basis Defendant denies all allegations and inferences contained in Paragraph 42 and demands strict proof thereof

43. Paragraph 43 contains a legal conclusion for which no answer is required and on such basis Defendant denies all allegations and inferences contained in Paragraph 43 and demands strict proof thereof

44. Paragraph 44 contains a legal conclusion for which no answer is required and on such basis Defendant denies all allegations and inferences contained in Paragraph 44 and demands strict proof thereof

45. Paragraph 45 contains a legal conclusion for which no answer is required and on such basis Defendant denies all allegations and inferences contained in Paragraph 45 and demands strict proof thereof

46. Paragraph 46 contains a legal conclusion for which no answer is required and on such basis Defendant denies all allegations and inferences contained in Paragraph 46 and demands strict proof thereof

47. Paragraph 47 contains a legal conclusion for which no answer is required and on such basis Defendant denies all allegations and inferences contained in Paragraph 47 and demands strict proof thereof

## COUNT 2

48. Defendant repeats its answers to Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Defendant alleges and shows the court as follows:

### FIRST AFFIRMATIVE DEFENSE

49. The First Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

50. Plaintiff did not register the work within 5 years of the first publication of the work, and thus the certificate does not constitute prima facie evidence of the validity of the copyright or the facts in the certificate.

### THIRD AFFIRMATIVE DEFENSE

51. Plaintiff assigned Defendant all rights in the "Best Match" software, pursuant to a Services Agreement dated February 18, 2008.

52. A true and correct copy of the Services Agreement dated February 18, 2008 is attached hereto as Exhibit A.

### FOURTH AFFIRMATIVE DEFENSE

53. Plaintiff committed fraud on the Copyright office in his application to register the copyright in the "Best Match" software. Plaintiff claimed ownership of the work, while knowing he had assigned all rights in the work to Defendant.

### FIFTH AFFIRMATIVE DEFENSE

54. Plaintiff is estopped from enforcing any applicable copyright based on his conduct and representations which reasonably led Defendant to believe that it would not be sued for copyright infringement based on the Services Agreement, the Stipulation and the Letter of Engagement and

Plaintiff's conduct and representations from 2008 through 2018, on which Defendant relied upon to its detriment.

### SIXTH AFFIRMATIVE DEFENSE

55. Plaintiff's copyright claims are barred by acquiescence, laches, implied consent, and/or waiver.

56. Defendant reserves the right to assert additional affirmative defenses that become known during discovery and/or trial.

### COUNTERCLAIMS

Defendant Hil & Company, LLC ("Defendant" or "Counterclaim-Plaintiff") assert the following counterclaims against Plaintiff Richard Marta ("Plaintiff" or "Counterclaim-Defendant"):

### PARTIES

57. Counterclaim Plaintiff Hil & Co. is a New York limited liability company based in Suffolk County, New York.  Hil & Co. is a software development and data processing company.

58. Counterclaim Defendant Richard Marta is an individual residing in Queens County, New York.  Upon information and belief, Mr. Marta is a software developer and programmer.  Mr. Marta was employed by Counterclaim Plaintiff from on or about May 1, 2008 through September 24, 2018.

### JURISDICTION AND VENUE

59. These counterclaims arise under the copyright laws of the United States as enacted under Title 17 of the United States Code and declaratory judgment act under 28 U.S.C. §§ 2201-2202.

60. The jurisdiction of this Court over the copyright action and counterclaims is proper under 17 U.S.C. §§ 101 et seq., and 28 USC §§ 1331 and 1338(a)

61. Venue is proper in this district pursuant to 28 USC §§ 1391(b) and (c), and or 1400(a).

## STATEMENT OF FACTS

62. In 2007, Mr. Garet Hil approached Mr. Marta about software projects.

63. One such project was a software for matching individuals in need of a kidney transplant with willing and compatible kidney donors using a "NEAD chain", which Mr. Marta would call "Best Match".

64. In February 2008, Marta entered into the Services Agreement with Hil & Co.. whereby Marta transferred "any and all rights in the software currently known as "**BEST MATCH**" (hereinafter referred to as "the Software"), … to Purchaser".

65. The Services Agreement states that Marta "exclusively, irrevocably and in perpetuity transfers and assigns to Purchaser…. An undivided One Hundred Percent (100%) interest in and to the copyright, trademark, and/or intellectual property rights of the Software…"

66. The Services Agreement also states that Marta "duly acknowledges that said software is considered a work-for-hire, within the meaning of the United States Copyright Act."

67. While the Services Agreement identifies the Purchaser as KidneyLife LLC, it was signed by Hil & Co.

68. Pursuant to the Services Agreement, Hil and Co. paid Mr. Marta $25,000.00.

69. Pursuant to an Assignment Agreement dated April 12, 2009, Hil & Co. purchased all right and title to BEST MATCH from KidneyLife LLC.

70. A true copy of the April 12, 2009 Assignment Agreement is attached hereto as Exhibit B.

71. In 2018, Mr. Marta applied for a copyright registration in the Best Match software with the United States Copyright Office.

72. As part of the Copyright Office application, one must check a Yes or No option to the question as to whether the subject is a work for hire.

73. Upon information and belief, Mr. Marta checked the box claiming that the BEST MATCH was not a work for hire, despite the explicit terms of the Service Agreement.

### COUNT I: DECLARATORY RELIEF REGARDING COPYRIGHT OWNERSHIP

74. Based on Plaintiff's filing of this suit and Defendant's Affirmative Defenses, an actual controversy has arisen and now exists between Counterclaim Plaintiff and Marta as to the proper ownership of the Best Match software, as to the validity of Plaintiff's registration and as to whether Counterclaim Plaintiff's infringe Marta's copyrights, if any.

75. Pursuant to the Federal Declaratory Judgment Act, 28 USC §§ 2201 et seq., Counterclaim Plaintiff requests the declaration of the Court that pursuant to the Services Agreement, Counterclaim Plaintiff is the rightful owners of the Best Match software and all copyrights therein

## COUNT II: DECLARATORY RELIEF REGARDING COPYRIGHT VALIDITY AND NON-INFRINGEMENT

76. Based on Plaintiff's filing of this suit and Defendant's Affirmative Defenses, an actual controversy has arisen and now exists between Counterclaim Plaintiff and Marta as to the validity of Plaintiff's registration and if it is valid, as to whether Counterclaim Plaintiff's infringe Marta's copyright.

77. Pursuant to the Federal Declaratory Judgment Act, 28 USC §§ 2201 et seq., Counterclaim Plaintiff requests the declaration of the Court that Plaintiff's copyright registration is invalid based upon the Services Agreement and Plaintiff's fraud upon the Copyright Office.

78. Pursuant to the Federal Declaratory Judgment Act, Counterclaim Plaintiff requests the declaration of the Court that to the extent that Plaintiff has a valid copyright in the Best Match software, Counterclaim Plaintiff does not infringe and has not infringed any copyright of Plaintiff.

79. Despite being fully aware of the Services Agreement and Defendant's rights to the BEST MATCH software, Plaintiff filed the present action in 2019.

## COUNT II: MALICIOUS PROSECUTION

80. Plaintiff wrongfully initiated the present action with full knowledge of Defendant's rights in the BEST MATCH software and the terms of the Services Agreement.

81. Given the terms of the Services Agreement, there is no probable cause upon which Plaintiff could have based his complaint or causes of action.

82. As Plaintiff only filed for his copyright registration after the termination of his employment and the Stipulation resolving the prior litigation, it is clear that Plaintiff did so only for purposes of pursing this action.

83. Plaintiff's attempt to circumvent his the Services Agreement, pursuit of this action was made with malice.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff Hil & Co. prays for judgment against Counterclaim Defendant Mr. Marta as follows:

1. For a declaration that Counterclaim-Plaintiff is the rightful legal owner of the Best Match software and copyrights in same;
2. For a declaration that Counterclaim Defendant committed fraud against the Copyright Office, and his copyright registration is invalid;
3. For a declaration that Counterclaim-Plaintiff has not violated any valid copyright owned by Counterclaim Defendant;
4. that Counterclaim Defendant's filing of the present action constitutes Malicious Prosecution;
5. That Plaintiff takes nothing by way of the First Amended Complaint;
6. That Counterclaim Plaintiff be awarded judgment in its favor against Counterclaim Defendant;
7. That Counterclaim Plaintiff be awarded reasonable attorney's fees, expert fees, costs and expenses as permitted by law with respect to this action; and
8. For such other and Further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with F.R.C.P. 38(b), Defendants demand a trial by jury on all issues triable for a jury.

Dated: August 8, 2019

                                            Respectfully submitted,

                                            By: __/s/_ Jason S. Marin

                                            Wan Law Group PLLC
                                            5036 Jericho Turnpike, Suite 201
                                            Commack, New York 11725
                                            Phone: (631)-499-5400
                                            Jason@wanlawgroup.com
                                            *Attorneys for Defendant Hil & Company LLC*

# EXHIBIT A

## SERVICES AGREEMENT

This services agreement is made by and between **KIDNEYLIFE LLC**, whose address is P.O. Box 460, Babylon, New York 11702, (hereinafter referred to as "Purchaser"); and **RICHARD MARTA**, whose address is 160-16 81st Street, Howard Beach, New York, 11414, (hereinafter referred to as "Seller").

Seller hereby transfers any and all rights in the software currently known as "**BEST MATCH**", (hereinafter referred to as "The Software"), to Purchaser, for the valuable consideration set forth in Schedule A, annexed hereto and made a part hereof.

For said valuable consideration, Seller exclusively, irrevocably and in perpetuity, transfers and assigns to Purchaser, and/or Purchaser's heirs, executors, administrators, successors and assignees, an undivided One Hundred Percent (100%) interest in and to the copyright, trademark, and/or intellectual property rights of the Software, including, but not limited to, the exclusive rights to use, modify, reproduce, distribute, license, or otherwise exploit, in any and all ways, commercial, charitable, educational, or otherwise, throughout the universe. Seller duly acknowledges that said Software is considered a work-for-hire, within the meaning of the United States Copyright Act.

The parties warrant and represent that they have full power and authority to enter into this Agreement, and is under no disability or prohibition that would prevent their obligations hereunder. This agreement shall be construed in accordance with the Laws of New York State. This agreement constitutes the entire understanding between the parties, and supercedes any and all previous agreements, whether written or oral. No promises or inducements have been made by either party to the other, except as expressly provided herein. If any provision of this agreement is held void or unenforceable, it shall not affect the enforceability of any other term or condition in this agreement, and shall not void any liability of any party to this agreement.

**ABOVE TERMS AGREED AND ACCEPTED TO:**

_____  
**RICHARD MARTA**

_____  
**Hil & Company LLC**

BY: Ganett Hil

Dated: 2/15/08

Dated: 2/18/08

## BestMatch Specs

1) Fix report headers per discussion (also add branding "National Kidney Registry" & "KidneyLife Network" to reports)
    a. Cluster Selection Report
    b. One-way Evaluation Report

2) Make bridge donor propagation score exact (check antibodies).

3) When user selects "Remove Cluster"... automatically remover cluster participants and rerun with all bridge donors.

4) Add a score for age of the donor as follows:
    a. 18 – 40   10 pts
    b. 40 – 44   9 pts
    c. 45 – 49   8 pts
    d. 50 – 52   7 pts
    e. 53 – 55   6 pts
    f. 56 – 58   5 pts
    g. 59 – 61   4 pts
    h. 62 – 64   3 pts
    i. 65 – 67   2 pts
    j. 68 – 70   1 pts
    k. 71+       0 pts

5) Change the scoring for age compatibility as follows:
    a. 10 pts   0-3
    b. 9 pts    4-5
    c. 8 pts    6-7
    d. 7 pts    8-9
    e. 6 pts    10-11
    f. 5 pts    12-13
    g. 4 pts    14-15
    h. 3 pts    16-17
    i. 2 pts    18-19
    j. 1 pts    20-21
    k. 0 pts    21+
    l. Ensure all recipients 18 or younger are scored for compatibility as 18 year olds (e.g. so this scoring metric does not work against kids since there will be no donors <18)

6) Rewrite core for speed (let's shoot for a 10X increase) including simulation capability.

7) Add wait time points
    a. 1 pt per week for first 12 weeks
    b. 2 pts per week for weeks 13 - 24
    c. 3 pts per week for weeks 25+

**EXHIBIT B**

## ASSIGNMENT AGREEMENT

This assignment agreement is made by and between **HIL & COMPANY LLC**, (hereinafter referred to as "Purchaser") and **KIDNEYLIFE LLC**, (hereinafter referred to as "Seller").

Seller hereby transfers any and all rights in the software currently known as **"BEST MATCH"**, (hereinafter referred to as "The Software"), to Purchaser.

For said valuable consideration, Seller exclusively, irrevocably and in perpetuity, transfers and assigns to Purchaser, and/or Purchaser's heirs, executors, administrators, successors and assignees, an undivided One Hundred Percent (100%) interest in and to the copyright, trademark, and/or intellectual property rights of the Software, including, but not limited to, the exclusive rights to use, modify, reproduce, distribute, license, or otherwise exploit, in any and all ways, commercial, charitable, educational, or otherwise, throughout the universe. Seller duly acknowledges that said Software is considered a work-for-hire, within the meaning of the United States Copyright Act.

The parties warrant and represent that they have full power and authority to enter into this Agreement, and is under no disability or prohibition that would prevent their obligations hereunder. This agreement shall be construed in accordance with the Laws of New York State. This agreement constitutes the entire understanding between the parties, and supercedes any and all previous agreements, whether written or oral. No promises or inducements have been made by either party to the other, except as expressly provided herein. If any provision of this agreement is held void or unenforceable, it shall not affect the enforceability of any other term or condition in this agreement, and shall not void any liability of any party to this agreement.

**ABOVE TERMS AGREED AND ACCEPTED TO:**

**KIDNEYLIFE LLC**
BY: GARY HIL
Dated: 4/12/09

**HIL & COMPANY LLC**
BY: JANET HIL
Dated: 4/12/09