**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD MARTA,<br><br>　　　　　　Plaintiff,<br><br>　against<br><br>HIL & COMPANY LLC<br>　　　　　　Defendant.<br>HIL & COMPANY LLC,<br><br>　　　　　Counterclaim Plaintiff,<br><br>against<br><br>RICHARD MARTA<br>　　　Counterclaim Defendant. | Answer to Counterclaims<br><br>Civil Action No. 19-cv-1533-DLI-ST |

　　　Plaintiff RICHARD MARTA (hereinafter, "Plaintiff"), by and through his attorney, the Law Offices of Michael D. Steger, P.C., answers Defendant's Counterclaim as follows:

### PARTIES

57. Plaintiff admits the allegations in Paragraph 57.

58. Plaintiff admits the allegations in Paragraph 58.

### JURISDICTION AND VENUE

59. Paragraph 59 of the Counterclaim is a legal conclusion and therefore no response is required.

60. Plaintiff admits the allegations in Paragraph 60.

61. Plaintiff admits the allegations in Paragraph 61.

### STATEMENT OF FACTS

62. Plaintiff admits the allegations in Paragraph 62.

63. Plaintiff admits the allegations in Paragraph 63.

64. Plaintiff denies the allegations in Paragraph 64.

65. Plaintiff denies that Exhibit A is a legitimate document and, accordingly, denies the allegations in Paragraph 65.

66. Plaintiff denies that Exhibit A is a legitimate document and, accordingly, denies the allegations in Paragraph 66.

67. Plaintiff denies that Exhibit A is a legitimate document and, accordingly, denies the allegations in Paragraph 67.

68. Plaintiff denies that Hil & Company paid him pursuant to the purported services agreement. Plaintiff admits that Hil & Company paid him $25,000.00.

69. In response to Paragraph 69 of the Counterclaim, Plaintiff is without sufficient information to respond and on that basis denies the allegations.

70. In response to Paragraph 70 of the Counterclaim, Plaintiff denies that Exhibit A is a legitimate document and, accordingly, denies the allegations in Paragraph 70.  Plaintiff admits that Defendant attached an Exhibit B to its counterclaims.

71. Plaintiff admits the allegations in Paragraph 71.

72. In response to Paragraph 72 of the Counterclaim, a copyright application speaks for itself.

73. Plaintiff admits that he did not check the box that it was a work for hire.

## **COUNT I: DECLARATORY RELIEF REGARDING COPYRIGHT OWNERSHIP**

74. Plaintiff admits that Defendant contends that it owns the Best Match software.

75. No response is necessary for Paragraph 75.

## **COUNT II: DECLARATORY RELIEF REGARDING COPYRIGHT VALIDITY AND NON-INFRINGMENT**

76. Plaintiff admits that Defendant contends that Plaintiff's copyright registration is invalid.

77. No response is necessary for Paragraph 77.

78. No response is necessary for Paragraph 78.

79. In response to Paragraph 79 of the Counterclaim, Plaintiff admits that he filed this lawsuit in 2019. Plaintiff denies the remaining allegations in Paragraph 79.

## COUNT II [sic]: MALICIOUS PROSECUTION

80. Plaintiff denies the allegations in Paragraph 80.

81. Plaintiff denies the allegations in Paragraph 81.

82. Plaintiff denies the allegations in Paragraph 82.

83. Plaintiff denies the allegations in Paragraph 83.

The remainder of the Counterclaim contains Defendant's prayer for relief, to which no response is required. To the extent a response is deemed necessary, Plaintiff denies the allegations in Defendant's prayer for relief and further avers that Defendant is not entitled to any relief in this action.

Plaintiff denies each and every allegation of the Counterclaims not specifically and expressly admitted herein.

## AFFIFRMATIVE DEFENSES

As for separate affirmative defenses, Plaintiff asserts the following:

### FIRST AFFIRMATIVE DEFENSE

1. Defendant has failed to state a valid claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant's claims are barred, in whole or in part, by Defendant's waiver.

### THIRD AFFIRMATIVE DEFENSE

3. Defendant's claims are barred, in whole or in part, by Defendant's own unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendant's claims are barred, in whole or in part, by the doctrine of set off.

### FIFTH AFFRIMATIVE DEFENSE

5. Defendant's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendant's claims are barred, in whole or in part, due to Defendant's own negligence.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendant is barred from maintaining its claims against the Plaintiff by reason of Defendant's own fraud.

### EIGHTH AFFIRMATIVE DEFENSE

8. To the extent Defendant has suffered any damages, Defendant has failed to mitigate its damages.

### NINTH AFFIRMATIVE DEFENSE

9. Defendant's claims are barred by Defendant's own breach of contract.

### TENTH AFFIRMATIVE DEFENSE

10. Defendant's claims are barred because Defendant has no standing to assert any claim or cause of action herein, as Defendant is not the legal owner of any intellectual property rights asserted in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Defendant's claims are all barred because Defendant expressly or impliedly consented to Plaintiff's actions.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff alleges that Defendant fails to state sufficient facts to entitle Defendant to recover attorneys' fees.

**WHEREFORE**, Plaintiff requests:

a. That all claims brought against him by the Defendant be dismissed;

b. That the Defendant take nothing in this action;

c. That the Court enter judgment on behalf of Plaintiff, together with his attorney's fees, costs and interest; and

d. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated: August 28, 2019                Respectfully submitted:

By: __/s/ Michael D. Steger_____
Michael D. Steger
Law Offices of Michael D. Steger, PC
30 Ramland Road, Suite 201
Orangeburg, NY 10962
(845) 359-4600
(845) 689-2155 (fax)
msteger@steger-law.com
*Attorney for Plaintiff and Counterclaim Defendant Richard Marta*